PEOPLE ex rel. BAUMANN v. LYON, County Comptroller.

(Supreme Court, Appellate Division, Second Department.  December 13, 1912.)

1. SHERIFFS AND CONSTABLES (§§ 18, 32*)—APPOINTMENT AND COMPENSATION OF OFFICERS.

Under County Law (Consol. Laws 1909, c. 11) § 182, providing that any person may be deputed by a sheriff "to do particular acts," a sheriff may appoint a deputy to act as quarantine inspector; but his compensation, and whether he is necessarily employed, is left to the board of supervisors by Laws 1909, c. 16, § 12, subd. 5, as amended by Laws 1911, c. 359, giving the board exclusive power to fix the compensation and the number and grade of assistants to county officers, etc., which does not take away the sheriff's power of appointment of persons "to do particular acts."

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 23, 53; Dec. Dig. §§ 18, 32.*]

2. COUNTIES (§ 69*)—APPOINTMENT AND COMPENSATION OF OFFICERS.

The board of supervisors has discretionary power to compensate a person appointed by a sheriff to act as a quarantine inspector to carry out an order given by the commissioner of agriculture, after the services had been rendered, although the board had not initially commanded the service.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 104–115; Dec. Dig. § 69.*]

Appeal from Special Term, Nassau County.

Mandamus by the People, on the relation of Henry Baumann, to compel John Lyon, as County Comptroller of Nassau County, to pay the claim of a quarantine inspector. From an order (77 Misc. Rep. 377, 136 N. Y. Supp. 534) directing the issuance of the writ, the defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John Lyon, of Rockville Centre, for appellant.
Felix Reifschneider, Jr., of Brooklyn, for respondent.

THOMAS, J.  The commissioner of agriculture quarantined a district in Nassau county on account of rabies, and, pursuant to the Agricultural Law, called upon the sheriff of the county "to carry out and enforce the provisions of the said order and notice herein."  Section 96 of the Agricultural Law (Consol. Laws 1909, c. 1), as amended by chapter 255, Laws of 1911, authorizes the commissioner to—

"call upon the sheriff, under-sheriff or deputy sheriff, to carry out and enforce the provisions of any notice, order or regulation which he may make, and all such" officers "shall obey and observe all orders and instructions which they may receive from him in the premises.  In all counties, the expenses incurred by the sheriff, under-sheriff or a deputy sheriff in carrying out and enforcing the provisions of such notice, order or regulation shall be a county charge, to be audited and paid in the same manner as other charges by the sheriff, under-sheriff or deputy sheriff."

The sheriff appointed the relator a special deputy sheriff "to act as quarantine inspector, on the rabies of dogs, in the town of North

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hempstead," and orally fixed his compensation at $3 for each day employed. Thereupon the relator inspected the district and made disposition of dogs, and his claim for compensation, approved by the sheriff, was presented to the defendant, who transmitted it, with his disapproval, to the board of supervisors, who resolved that the claim shall "be audited and allowed."

[1] Did the board of supervisors have power to allow the claim? The sheriff is a salaried officer. Section 3, c. 588, Laws of 1898. The sheriff may appoint an under-sheriff (section 181, County Law) and deputies, and "any person may also be deputed by any sheriff or under-sheriff by written instrument, to do particular acts" (section 182, County Law). Hence the sheriff was enabled to appoint the relator a special deputy for the purposes named in the appointment, although the characterization of him as a "quarantine inspector" is not literally correct. He acted as a deputy sheriff in what he did, and the board of supervisors was enabled to fix the amount of his salary. Subdivision 5, § 12, c. 16, Laws of 1909, as amended by chapter 359, Laws of 1911. Hence, the board of supervisors and the under-sheriff had the power to make the appointment, and the board of supervisors was enabled to fix his compensation, but did not do so before the services were rendered.

Although the resolution in form audited a claim, the result was to fix his compensation, and the final question is whether that could be done after the service had been rendered. The sheriff could not bind the supervisor to fix a compensation, nor could the appointee compel it. He served at the risk of the board deciding that he was unnecessary, and that the services could and should have been performed by the sheriff and his existing staff of assistants. But if the sheriff had the power to make the appointment, and the board omitted to fix the compensation, it was not beyond its power to do so. The appointment was at the will of the sheriff "to do particular acts." The service was transitory and uncertain, and its value dependent upon a variety of acts to be done day by day, and in such case it was convenient and fairly necessary that the supervisors should review them and in their discretion make suitable compensation. It was necessary to clothe the relator with police power to do the particular acts in an official capacity, which was conferred in the terms of the appointment. Hence he was not a deputy sheriff with the full measure of such officer's authority.

[2] Under such circumstances it seems within the power of the board of supervisors to make compensation for the same, with the continuing right to judge of the necessity and value of the service. To deny this would disable the supervisors from compensating persons deputized by the sheriff to keep the peace in emergencies that precluded the prior action of the supervisors. It is true that the County Law (subdivision 5, § 12, c. 16, Laws of 1909, as amended by chapter 359, Laws of 1911) provides that the board of supervisors—

"have power to fix the amount and the time or manner of payment of the salary or compensation of any county officer or employé, except a judicial officer and the mode of appointment, number and grade of the clerks, assistants or employés in any county office, notwithstanding the provisions of any general or special law fixing the amount of such salary or the time or man-

ner of payment thereof, or providing for the mode of appointment, number or grade of the clerks, assistants or employés in any county office, or vesting in any other board, body, commission or officer authority to fix the amount of such salary or compensation or the time or manner of payment thereof or to provide for the mode of appointment, number or grade of the clerks, assistants or employés in any county office; and the power hereby vested in the board of supervisors shall be exclusive of any other board, body, commission or officer, notwithstanding any general or special law. The salary or compensation of an officer or employé elected or appointed for a definite term shall not be increased or diminished during such term."

But in the nature of the case this does not take away the power of the sheriff to appoint persons to do particular acts as provided by section 182 of the County Law. The statute quoted provides for county officers and employés serving in the general administration of the law in the county, for whose administration the county is obligated. It vests the control of the county agencies in the ruling county body, and leaves it free to reject or to respect the action of the sheriff in emergency cases in designating a person to render aid. With the appointment of a person thus subordinated to the action of the board, no waste of public moneys may be apprehended, and no obligation can attach to the county by the act of one of its officers. A different rule would render the provisions of section 182 of the County Law inoperative, save as the sheriff should personally make compensation. The question simply is whether the board of supervisors has discretionary power to compensate in such case where it has not initially commanded the service, and it is concluded that the power exists.

The order should be affirmed, with $10 costs and disbursements. All concur.